**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DONZELL A. JONES,**

      **Plaintiff,**

      **v.**                           **CASE NO. 21-3284-SAC**

**SAMUEL ROGERS, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

      Plaintiff Donzell A. Jones is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Complaint should not be dismissed.

**1.  Nature of the Matter before the Court**

      Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights case.  At the time of filing, Plaintiff was detained at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic").  Plaintiff is currently housed at USP-Leavenworth in Leavenworth, Kansas ("USPL").

      Plaintiff alleges that in September 2021, while detained at CoreCivic, he received a disciplinary report without due process or equal protection of the law.  Plaintiff alleges that the report was forwarded to the United States Marshals Service ("USMS") in Missouri and is the subject of a criminal investigation.  Plaintiff alleges that the disciplinary offense was included in his presentence investigation report even though he was never found guilty of the offense.  Plaintiff alleges that his record was not properly expunged or updated at CoreCivic, and he received a sentence enhancement at sentencing and lost his three-level reduction for acceptance of responsibility as a result of the offense remaining in his presentence report.

Plaintiff alleges that Defendants Rogers, Wilson, Roemmich, Niecko and Spellman were responsible for not properly keeping the records at CoreCivic and ensuring due process and equal protection regarding his disciplinary offense. Plaintiff alleges that Defendant James of the USMS in the Western District of Missouri acts under color of state law and oversees the operations and policy of CoreCivic. (Doc. 1, at 24.) Plaintiff also alleges that Defendant Burgss, the "onsite marshal at CoreCivic" is responsible for the overall day-to-day operations of CoreCivic and failed to ensure that Plaintiff received due process and equal protection and failed to make sure that Defendants Rogers, Wilson, Roemmich, Niecko and Spellman provided Plaintiff with due process and equal protection regarding his disciplinary offense. *Id*. at 28–29.

Plaintiff names as Defendants: Samuel Rogers, CoreCivic Warden; (fnu) Roemmich, CoreCivic Assistant Warden; (fnu) Spellman, CoreCivic Chief of Security; (fnu) Wilson, CoreCivic Assistant Warden; (fnu) Niecko, CoreCivic Assistant Chief of Security; Mark James, USMS, Western District of Missouri; (fnu) Burgss, Onsite Marshal, USMS at CoreCivic; and CoreCivic, Tennessee, LLC. Plaintiff seeks declaratory relief, compensatory damages, and punitive damages. (Doc. 1, at 40.)

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. Plaintiff's Claims Under 42 U.S.C. § 1983

Plaintiff states that he is bringing his claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted).

CoreCivic is a private corporation. "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show under *Lugar*, . . .

that the individual's conduct is 'fairly attributable to the State.'" *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).   The requirement is satisfied if two conditions are met.   First, the deprivation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207–08 (10th Cir. 2005), *cert. denied* 547 U.S. 1111 (2006) (citing *Lugar*, 457 U.S. at 937).   Second, the private party must have "acted together with or [ ] obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Id.* at 1208.

Plaintiff alleges no facts to support an inference that any of the Defendants were acting under state law or in conspiracy with any state official.   Plaintiff also makes no allegation that the Defendants obtained significant aid from the state of Kansas or any other state or state officials, or that Defendants engaged in conduct otherwise chargeable to the State.   The U.S. Marshals Service is a federal, not state, agency.   Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law).   Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

**B.   Claim Under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)**

The Supreme Court recognized in *Bivens* an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (stating that the *Bivens* remedy has never been considered

a proper vehicle for altering an entity's policy).   Regarding its decision in *Bivens*, the Supreme

Court stated in *Ziglar* that:

> In the decade that followed, the Court recognized what has come to
> be called an implied cause of action in two cases involving other
> constitutional violations.  In *Davis v. Passman*, 442 U.S. 228, 99 S.
> Ct. 2264, 60 L.Ed.2d 846 (1979), an administrative assistant sued a
> Congressman for firing her because she was a woman. The Court
> held that the Fifth Amendment Due Process Clause gave her a
> damages remedy for gender discrimination. *Id.*, at 248–249, 99 S.
> Ct. 2264.  And in *Carlson v. Green,* 446 U.S. 14, 100 S. Ct. 1468,
> 64 L.Ed.2d 15 (1980), a prisoner's estate sued federal jailers for
> failing to treat the prisoner's asthma. The Court held that the Eighth
> Amendment Cruel and Unusual Punishments Clause gave him a
> damages remedy for failure to provide adequate medical treatment.
> See *id.,* at 19, 100 S. Ct. 1468. These three cases—*Bivens, Davis,*
> and *Carlson*—represent the only instances in which the Court has
> approved of an implied damages remedy under the Constitution
> itself.

*Zigler*, 137 S. Ct. at 1854–55.   The Supreme Court stated that it "has made it clear that expanding

the *Bivens* remedy is now a 'disfavored' judicial activity."  *Id*. at 1857 (citation omitted).

Plaintiff has failed to show that a *Bivens* remedy is available for his claims regarding his

disciplinary report at CoreCivic or his allegations that CoreCivic failed to maintain proper records

regarding his disciplinary offense.  Even if Plaintiff could assert a *Bivens* remedy, it is not available

for his claims against CoreCivic and its employees.

The United States Supreme Court has found that a *Bivens* remedy is not available to a

prisoner seeking damages from the employees of a private prison for violation of the prisoner's

Eighth Amendment rights.  *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply

the existence of a *Bivens* action where state tort law authorizes alternate action providing

deterrence and compensation); *see also Malesko*, 534 U.S. at 71–73 (holding that *Bivens* action

does not lie against a private corporation operating a halfway house under contract with the Bureau

of Prisons).  In *Minneci*, the Supreme Court stated:

> [W]here . . . a federal prisoner seeks damages from privately
> employed personnel working at a privately operated federal prison,
> where the conduct allegedly amounts to a violation of the Eighth
> Amendment, and where that conduct is of a kind that typically falls
> within the scope of traditional state tort law (such as the conduct
> involving improper medical care at issue here), the prisoner must
> seek a remedy under state tort law.  We cannot imply a *Bivens*
> remedy in such a case.

*Minneci*, 565 U.S. at 131.

The Supreme Court reasoned that "a critical difference" between cases where *Bivens* liability applied and those where it did not was "employment status," i.e., whether the defendants were "personnel employed by the government [or] personnel employed by a private firm." *Id*. at 126.  CoreCivic is a private corporation contracting with the United States Marshals Service, a federal law enforcement agency.  The Supreme Court also rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability.  *Id*. at 126–27.

The Supreme Court held in *Minneci* that the "ability of a prisoner to bring state tort law damages action[s] against private individual defendants means that the prisoner does not 'lack effective remedies.'"  *Id*. at 125 (citing *Malesko*, 534 U.S. at 72).  They reasoned that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake."  *Id*. (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).  They explained that, "[s]tate-law remedies and a potential *Bivens* remedy need not be perfectly congruent" and even if "state tort law may sometimes prove less generous than would a *Bivens* action," this fact is not a "sufficient basis to determine state law inadequate."  *Id*. at 129 (finding that "federal law as well as state law contains limitations").

The Supreme Court also found "specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the

eight States where privately managed secure federal facilities are currently located." *Id*. at 128. "[I]n general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." *Id*. at 130.  In fact, Kansas is another state whose tort law reflects the "general principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement of Torts §§ 314A(4), 320 (1963–64).  *See Camp v. Richardson*, No. 11-3128-SAC, 2014 WL 958741, at n.12 (D. Kan. 2014) (citing *Estate of Belden v. Brown Cty.*, 261 P.3d 943 (Kan. App. 2011) (setting forth remedies available in Kansas)).

Likewise, the Tenth Circuit has previously stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied."  *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1102 (10th Cir. 2005)).  The Tenth Circuit found that where plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities."  *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a *Bivens* action.  There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")).

Plaintiff's remedy against CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct.  *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (D. Kan. 2016) (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual

CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights.); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim). In addition, "[i]n Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501." *Harris*, 2016 WL 6164208, at *3 (citing *Jamerson v. Heimgartner*, 326 P.3d 1091, at *1 (Kan. App. June 20, 2014) (unpublished)). Because Plaintiff has an alternative cause of action against Defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court. Plaintiff's claims are subject to dismissal.

### C.  Claims Against USMS Officials

Plaintiff names as Defendants: Mark James, USMS Western District of Missouri; and Mr. Burgss, onsite United States Marshal at CoreCivic. Plaintiff alleges that the USMS Defendants are being sued in both their official and individual capacities.

Plaintiff has not asserted a claim under the Federal Tort Claims Act ("FTCA"). The FTC, 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)). "The United States is the only proper defendant in an FTCA action." *Smith*, 561 F.3d at 1099 (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)); *see Hui v. Castaneda*, 559 U.S. 799, 801 (2010) (the FTCA "generally authorizes substitution of the United States as the defendant."). The FTCA "provides the exclusive avenue to assert a claim sounding

in tort against the United States." *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004),

*cert. denied*, 546 U.S. 814 (2005) (citing 28 U.S.C. § 2679(a), which provides that "the FTCA

remedy is 'exclusive' for all 'claims which are cognizable under section 1346(b)'").

      The FTCA has procedural and jurisdictional requirements.  *See Staggs v. U.S. ex rel. Dep't

of Health and Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (stating that the "FTCA's

presentation requirements are jurisdictional and cannot be waived") (citation omitted).  The Tenth

Circuit has summarized the FTCA requirements as follows:

> Under the FTCA, filing an administrative claim with the appropriate
> federal agency is a prerequisite to bringing a civil action against the
> United States for damages for the negligence or wrongful act of any
> United States employee. 28 U.S.C. § 2675(a); *Three-M Enterprises,
> Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) . . . A claim
> is deemed presented when a federal agency receives from a claimant
> "an executed Standard Form 95 or other written notification of an
> incident, accompanied by a claim for money damages in sum certain
> for  . . . personal injury, or death alleged to have occurred by reason
> of the incident." 28 C.F.R. § 14.2(a).  "[B]ringing an administrative
> claim is a jurisdictional prerequisite to suit, imposed by Congress,
> which the courts have no power to waive." *Nero v. Cherokee Nation
> of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also
> Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991).

*Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994).

Section 2675(a) provides that "[a]n action shall not be instituted" upon an FTCA claim "unless the

claimant shall have first presented the claim to the appropriate Federal agency and his claim shall

have been finally denied by the agency in writing . . . ." *Id*. at n.1.  The amount of damages claimed

in a lawsuit under the FTCA is limited to "the amount of the claim presented to the federal agency."

28 U.S.C. § 2675(b); *see McNeil v. United States*, 508 U.S. 106, 108 n.2 (1993) (citing 28 U.S.C.

§ 2675(a)).

      Therefore, exhaustion of administrative remedies is a prerequisite to suit under the FTCA,

and courts lack jurisdiction over FTCA claims not presented to the appropriate federal agency.

*See* 28 U.S.C. § 2675(a); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted). "The requirements are jurisdictional and cannot be waived." *Id*. (citation omitted); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.") (citing 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113; *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991)). Plaintiff has not alleged facts establishing that he exhausted the administrative tort claim remedy in a proper and timely manner prior to filing this action. This Court cannot exercise jurisdiction over an administratively unexhausted claim.

Likewise, any official capacity claims against federal officials are subject to dismissal. *See Peterson v. Timme*, 621 F. App'x 536, 541 (10th Cir. 2015) (unpublished) (finding that a suit against a federal official in his official capacity is actually a suit against the sovereign—the United States—and is barred by sovereign immunity) (citing *Farmer v. Perrill,* 275 F.3d 958, 963 (10th Cir.2001) ("[A]ny action that charges [a federal] official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."); *accord Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1231 (10th Cir.2005)). "Ordinarily, federal courts lack jurisdiction to entertain such claims in accordance with principles of sovereign immunity." *Id*. (citing *Governor of Kan. v. Kempthorne,* 516 F.3d 833, 841 (10th Cir.2008) ("[C]laims of sovereign immunity implicate our jurisdiction . . . ."); *Merida Delgado v. Gonzales,* 428 F.3d 916, 919 (10th Cir.2005) ("In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity.")). Plaintiff should show good cause why his

official capacity claims against the USMS Defendants should not be dismissed.

Plaintiff also alleges that he is suing Defendant James and Defendant Burgss in their individual capacities. "When public officials inflict constitutional injuries in the course of performing their duties, they may be individually liable for damages." *Watson v. Hollingsworth*, 741 F. App'x 545, 551 (10th Cir. 2018) (unpublished) (citing *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013)). "A *Bivens* action provides a 'private action for damages against federal officials alleged to have violated a citizen's constitutional rights.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 122 S. Ct. 515, 151 L.Ed.2d 456 (2001))). However, to establish *Bivens* liability, a plaintiff "must provide evidence that an individual directly and personally participated in the purported constitutional violation." *Id*. (citing *Pahls*, 718 F.3d at 1226). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id*. (quoting *Iqbal*, 556 U.S. at 676, 129 S. Ct. 1937). To prevail on a theory of supervisory liability, a plaintiff must show: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the constitutional deprivation." *Id*. (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010)).

Plaintiff has failed to show that the USMS Defendants directly and personally participated in any constitutional violation. He has also failed to show a basis for supervisory liability. Plaintiff should show good cause why his claims against the USMS Defendants should not be dismissed.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the

reasons stated herein.  Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **February 25, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed.

**IT IS SO ORDERED**.

**Dated February 3, 2022, in Topeka, Kansas.**

<u>**S/ Sam A. Crow**</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**