# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DONZELL A. JONES,**

    **Plaintiff,**

    v.                                                                         CASE NO. 21-3284-SAC

**SAMUEL ROGERS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights case. At the time of filing, Plaintiff was detained at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic"). Plaintiff is currently housed at USP-Leavenworth in Leavenworth, Kansas ("USPL"). On February 3, 2022, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff until February 25, 2022, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court granted Plaintiff an extension of time until March 25, 2022, in which to respond. (Doc. 9.) Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that although Plaintiff states that he is bringing his claims under 42 U.S.C. § 1983, he fails to state a claim for relief under § 1983 because none of the Defendants were acting under color of state law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted). Plaintiff

1

alleges no facts to support an inference that any of the Defendants were acting under state law or in conspiracy with any state official. Plaintiff also makes no allegation that the Defendants obtained significant aid from the state of Kansas or any other state or state officials, or that Defendants engaged in conduct otherwise chargeable to the State.

The Court also found that Plaintiff failed to show that a *Bivens* remedy is available for his claims regarding his disciplinary report at CoreCivic or his allegations that CoreCivic failed to maintain proper records regarding his disciplinary offense. Even if Plaintiff could assert a *Bivens* remedy, it is not available for his claims against CoreCivic and its employees. The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons).

The Court found that Plaintiff has not asserted a claim under the Federal Tort Claims Act ("FTCA"). Plaintiff has not alleged facts establishing that he exhausted the administrative tort claim remedy in a proper and timely manner prior to filing this action. Exhaustion of administrative remedies is a prerequisite to suit under the FTCA, and courts lack jurisdiction over FTCA claims not presented to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007).

The Court also found that any official capacity claims against the federal officials are subject to dismissal. *See Peterson v. Timme*, 621 F. App'x 536, 541 (10th Cir. 2015) (unpublished)

(finding that a suit against a federal official in his official capacity is actually a suit against the sovereign—the United States—and is barred by sovereign immunity) (citing *Farmer v. Perrill,* 275 F.3d 958, 963 (10th Cir.2001) ("[A]ny action that charges [a federal] official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."); *accord Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1231 (10th Cir.2005)).

Plaintiff also alleged that he is suing the federal officials in their individual capacities, but failed to show that the USMS Defendants directly and personally participated in any constitutional violation.  He has also failed to show a basis for supervisory liability.  To establish *Bivens* liability, a plaintiff "must provide evidence that an individual directly and personally participated in the purported constitutional violation."  *Watson v. Hollingsworth*, 741 F. App'x 545, 551 (10th Cir. 2018) (citing *Pahls*, 718 F.3d at 1226).  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id*. (quoting *Iqbal*, 556 U.S. at 676, 129 S. Ct. 1937).  To prevail on a theory of supervisory liability, a plaintiff must show:  "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the constitutional deprivation."  *Id*. (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010)).

Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.  The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim."  (Doc. 7, at 13.)

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated March 28, 2022, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE